LOTTINGER, Judge.
This is a tort action arising out of a collision which occurred on January 22, 1957 in Rayne in the Parish of Acadia between a 1949 Dodge pick-up truck belonging to plaintiff and a 1953 Chevrolet automobile belonging to the defendant John C. Langlinais. The petition sets forth that just previous to the accident the plaintiff was proceeding in an easterly direction on East Texas Avenue and that upon arriving at the intersection of that street and North Arenas Street, preparatory to making a left turn on to the latter, he brought his truck to a stop. It is alleged that he had been stopped for several minutes with his lights burning when the defendant Langlinais, who was proceeding in a westerly direction on East Texas Avenue, crossed North Arenas Street and struck petitioner’s vehicle. Also made a party defendant was Langlinais’ liability insurer, State Farm Mutual Automobile Insurance Company.
The answer of Langlinais and his insurer sets forth that the former was proceeding in a westerly direction on East Texas Avenue, (which is also U.S. Highway No. 90) at a slow rate of speed in his proper lane and that as he reached the intersection with North Arenas Street the plaintiff made a sudden left turn colliding with his left front fender. Assuming the positions of plaintiffs in reconvention, both defendants reconvened asking for the damages sustained by them as a result of the collision, being the amount paid by State Farm as collision insurer of Langlinais and the amount paid by the latter under the deductible provisions of his policy.
The trial judge was of the opinion that there was concurring negligence on the part of both drivers and dismissed both the suit and the reconventional demands. The plaintiff has appealed and the defendants have answered praying that the judgment be affirmed insofar as it dismissed plaintiff’s suit but reversed insofar as it dismissed the reconventional demands.
While most of the facts are disputed it seems clear that the accident occurred at about 6:30 or 6:40 P.M. at which time visibility was poor due to the fact that it was raining. The plaintiff testified that it was dark and that he had his headlights on. He stated that he stopped upon approaching the intersection and had been there approximately two minutes in his proper lane with his headlights still burning when he was struck by Langlinais. He stated further that the damage was to the left sides of both vehicles and that after the collision his truck was from six to ten inches over into Langlinais’ lane.
One Leo Mouton, testifying on behalf of the plaintiff, stated that he was trailing the latter’s vehicle. Although on direct examination he testified that the plaintiff’s vehicle was stopped at the time of the collision, he admitted that he did not see Langlinais’ vehicle until after the impact. On cross examination he stated that he had put his car in reverse in order to go around plaintiff’s so that he could not be certain as to whether plaintiff’s car had moved or not just before the accident took place.
Langlinais testified that his car was struck on the left fender and that the collision took place in his lane of travel. He stated that he saw plaintiff’s truck but did not realize that it was the one that hit *661 him, thinking that it was another vehicle that was proceeding on Arenas Street.
Harvey Pousson, who was riding with Langlinais, did not see plaintiffs car before the accident as he was looking to his right. He did not recall the positions of the vehicles after the accident had occurred.
From the above and foregoing we cannot ■say that the trial judge was in error in ■deciding the case as he did. Considering that Langlinais’ vehicle was struck on its left and further considering the fact that plaintiffs vehicle was out of its lane, it .seems clear that the latter was in the process of attempting a left turn where it was not safe to do so. We think further that Langlinais, who admitted not seeing plaintiff hit him, entered the intersection without keeping a proper look-out and that his negligence in failing to do so contributed to the accident.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.